IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER NAVARRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2815-G-BN |
| | § | |
| COMMUNITY CARE PARTNERS, LLC, | § | |
| STEVE SOREY, and RANDY PHELPS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER TERMINATING MOTION AS MOOT, REGARDING SERVICE, AND TO SHOW CAUSE**

Plaintiff Christopher Navarro, the alleged owner, operator, and sole employee of Contractor Diagnostic Channel Partners, LLC ("DCP"), filed this lawsuit *pro se* and moved for leave to proceed *in forma pauperis* ("IFP") on December 19, 2023 – after another judge of this Court, in an earlier lawsuit involving ostensibly the same parties, ordered DCP to retain counsel or face dismissal of its claims without prejudice. *See* Dkt. Nos. 3 & 4; *Diagnostic Channel Partners, LLC v. Cmty. Care Partners, LLC*, No. 3:23-cv-1492-S-BK, 2024 WL 816259 (N.D. Tex. Jan. 12, 2024), *rec. accepted*, 2024 WL 812028 (N.D. Tex. Feb. 27, 2024) (dismissing DCP's claims without prejudice under Federal Rule of Civil Procedure 41(b) for its failure to retain counsel).

Senior United States District Judge A. Joe Fish referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Before the Court could complete its screening under 28 U.S.C. § 1915(e)(2) and

rule on the IFP motion, Navarro paid the filing fee.

Accordingly, the IFP motion [Dkt. No. 4] is DENIED AS MOOT. And the Court advises Navarro that, by paying the filing fee, he undertook the obligation to either (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from that defendant. *See* FED. R. CIV. P. 4(e) (setting forth procedures for serving an individual in the United States); FED. R. CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).

And, as to each defendant, Navarro must file with the Court, as applicable, a proof of service in accordance with Rule 4(*l*) or an executed waiver of service.

The Court further advises Navarro that proper service must be made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before **July 2, 2024** – the 90th day after he paid the filing fee (on April 3, 2024). *See Leeper v. Carte Blanche*, No. 3:23-cv-1091-E-BN, 2024 WL 1218550, at *2 (N.D. Tex. Mar. 20, 2024) (observing that "the 90-day period for service [was] suspended 'until the Court completes its mandated screening,'" which "ended when [Navarro] elected to pay the filing fee," "[s]o the 90-day deadline under Rule 4(m) runs from that date" (quoting *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 800 (N.D. Tex. 2005))).

If Navarro fails to do so, this case is subject to dismissal without prejudice

unless he shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Further, Navarro explains in his complaint that, "[o]n December 11, 2023, [DCP] executed the assignment agreement with [Navarro,] assigning all of its rights, claims, commissions, and obligations pertaining to the [compensation agreement] with Defendants CCP, Sorey, and Phelps," the alleged breach of which underlies both lawsuits. Dkt. No. 3 at 3. So it seems that Navarro filed this lawsuit during the pendency of the prior action to avoid DCP's retaining counsel as directed by court order. This causes the undersigned to question whether this lawsuit is an end-run around court orders and the requirements of 28 U.S.C. § 1654.

U.S. Magistrate Judge Renee Harris Toliver has set out the background of the prior action:

> In March 2023, Plaintiff filed this civil action in Colorado state court, alleging that Defendants wrongly withheld commissions from the sale of COVID-19 test kits and asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. Invoking diversity jurisdiction, Defendants removed the case to Colorado federal court. Upon Defendants' unopposed motion, the Colorado federal court transferred the case to this Court.
> In August 2023, the Court denied a request filed by a non-lawyer, Christopher Navarro, to appoint counsel for Plaintiff, but gave Plaintiff until the following month to secure representation. A few days later, the Court granted Plaintiff's Colorado-licensed counsel's motion to withdraw, which cited termination of the attorney-client relationship and lack of admittance to practice before this Court.
> Before the court-imposed deadline to do so, Plaintiff retained new

> counsel. But that attorney moved to withdraw from this case less than three weeks later. The Court then convened the parties, along with Navarro (Plaintiff's representative) for a hearing, at which Plaintiff's counsel's motion withdraw was granted and Plaintiff was ordered to retain new counsel by November 30, 2023. The Court admonished Navarro that failure to do so could result in the dismissal of Plaintiff's claims.
>
> When Plaintiff did not retain new counsel by the November 30, 2023 deadline, the Court *sua sponte* extended the deadline to December 15, 2023, "giv[ing] Plaintiff one final opportunity to retain counsel." In so ordering, the Court stressed that it "[would] recommend that the district judge dismiss [Plaintiff's] claims against Defendants without further notice" if Plaintiff failed to comply. Nonetheless, Plaintiff has yet to retain counsel.

*Diagnostic Channel Partners*, 2024 WL 816259, at *1 (citations omitted).

Assuming they have standing to sue, individuals in federal court may proceed in one of two ways: they "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; *see also Raskin ex rel. J.D. v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) ("'[A] party can represent himself or be represented by an attorney,' because § 1654 says he can. On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" (quoting *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998))).

But "[t]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations,

partnerships, or associations to appear in federal court otherwise than by licensed counsel"); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (holding that an LLC may only appear in federal court through a licensed attorney).

Judge Toliver advised Navarro of these legal requirements. And as the records of both cases reflect, DCP's claims were assigned to Navarro after Judge Toliver ordered DCP to retain counsel, and Navarro then chose to file this lawsuit rather than comply with Judge Toliver's orders. *Compare* Dkt. No. 3 at 2-3, *with Diagnostic Channel Partners*, 2024 WL 816259, at *1.

Thus, this lawsuit appears to be an impermissible end-run around the requirement that a fictional legal person be represented by a licensed attorney:

> [T]he federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual. *See Heiskell v. Mozie*, 82 F.2d 861 (D.C. Cir. 1936) (dictum); *Mercu-Ray Industries, Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 18-20 (S.D.N.Y.), *aff'd mem.*, 508 F.2d 837 (2d Cir. 1974). In *Heiskell v. Mozie*, the court observed that "[i]t cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee – not an attorney – to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose." 82 F.2d at 863. In *Mercu-Ray Industries*, Judge Duffy dismissed an action in which the corporation sought to appear only by its nonlawyer shareholder, stating as follows:
>> To allow [the lay individual] to appear *pro se* in this suit would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. [The lay individual] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims.
>
> 392 F. Supp. at 20.

*Jones v. Niagara Frontier Trans. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (concluding that there was "no compelling argument for allowing Jones to circumvent the general rule" and affirming the district court's order dismissing the complaint unless the corporation obtained counsel to represent it within 45 days); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985) (relying on *Jones* and holding: "We see no reason to permit any evasion of the general rule by the simple expedient of the assignment of corporate claims to the *pro se* plaintiff. Nor is any injustice done to plaintiff by this holding. The record is clear that the court below was more than accommodating in urging proper representation of the corporate claims. When original counsel for the plaintiffs withdrew, the court ordered plaintiffs to secure substitute counsel within 30 days. Despite plaintiffs' failure in this regard, the U.S. Magistrate, over 10 months later, in March of 1982, allowed the corporation another 10 days to obtain counsel for response to defendant's motion for summary judgment. Plaintiffs having been fully advised of the need for proper representation of the corporate claims, we agree with the lower court's dismissal of these claims for lack of proper representation."); *Stark v. Kohrs*, No. 1:19-CV-041-LY, 2020 WL 734480, at *3-*4 (W.D. Tex. Feb. 12, 2020) (collecting *Jones* and *Palazzo*, among other cases; noting that, "[a]lthough not directly addressing this issue, the Fifth Circuit has held similarly. *See M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014) (denying a Rule 24 intervention as a matter of right by a pro se individual assigned the corporation's claims because it would not only nullify the well-

established rule that in federal court, corporations must be represented by counsel; but also, the record established that the pro se individual's sole reason for pursuing the assignment and motion to intervene was so that the corporation could protect its trademark rights in federal court without retaining counsel)"; then finding "that Stark cannot pursue Obsidian's claims pro se through assignment. Moreover, Obsidian has failed to comply with the order that must obtain counsel. As the Court has previously explained, the Starks have failed to plead any individual claims. Because the parties have failed to comply with this Court's orders, and Shiloh Stark cannot represent a corporate entity's interests pro se, Plaintiffs' claims should be dismissed without prejudice pursuant to Rule 41(b)" (citation omitted)), *rec. accepted*, 2020 WL 10058229 (W.D. Tex. Mar. 23, 2020).

Considering the record and legal authority set out above, the Court further ORDERS Navarro to SHOW CAUSE in writing by **May 10, 2024** why this lawsuit should not be dismissed.

SO ORDERED.

DATED: April 10, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE